*C. W. Wright*, for appellants.

*Markham & Patterson*, for appellee.

---

## BERDELL *et al. v.* BISSELL *et al.*

(*Supreme Court of Colorado, April Term, 1882—Appeal from the Lake District Court.*)

1. COMPROMISE AND SETTLEMENT. Though a party have a clear and unmistakable right of action, yet he may compromise and settle the same. When such a settlement is clearly ascertained to have been fairly made, the Courts will not disturb it.

2. ACCORD AND SATISFACTION—HOW PLEADED. At common law an accord and satisfaction might be given in evidence under the general issue in assumpsit and in actions on the case; but under the Code practice there is no general issue. A party wishing to rely upon accord and satisfaction must set it up as a defense.

3. SAME—EVIDENCE UPON WAIVER OF PLEA. In case wherein, upon the trial, though no such issue is made in the pleadings, the question of accord and satisfaction, or settlement, is treated as an issue, evidence introduced therein without objection, and it is submitted to the jury in instructions asked by the plaintiff, the Supreme Court will treat the objection to the pleadings as having been waived, and examine the defense as though it had been specially pleaded.

ELBERT, C. J.    There can be no question of the fact that the appellants, Berdell and Witherell, defendants below, acted as the agents of the appellees in the purchase from Berdell of his one-half interest in the New Discovery mine; nor of the law that, as agents, having taken the title to the half interest in their own names, they held the same in trust for the appellees.

Their claim to retain a one-sixteenth interest in the property, and their refusal to convey to the appellees more than seven-sixteenths, were a gross and flagrant violation of their duty as agents. And upon a proper bill a Court of equity would have decreed the conveyance of the entire property to the appellees, and, during the pendency of the action, have restrained a conveyance to any one else.

A party, however, instead of appealing to the Courts for redress, is always at liberty to compromise and settle matters of dispute, and when such a settlement is clearly ascertained to have been fairly made, Courts will not disturb it, no matter how plain and indisputable the right to redress originally may have been.

It is contended by the appellants in this case, that there was a controversy touching the purchase mentioned, and that they delivered, and the appellants accepted a conveyance of seven-sixteenths of the mine in full satisfaction and settlement of their claim.

While the record is volumnious, the controversy is virtually narrowed to the one question, was there a settlement?

The point is made by the appellees that this issue is not presented by the pleadings.

The complaint alleges the purchase of the property by the appellants, as agents of the appellees; that they held the title in trust for appellees; that they refused to convey the one-sixteenth

interest, and sold the same; and seeks to recover the proceeds of the sale as for money had and received to their use, etc.

The answer admits the purchase, but denies the agency and trust, and any indebtedness.

These are the only issues presented by the pleadings, and on the evidence they were rightfully found for the appellees.

At common law an accord and satisfaction might be given in evidence under the general issue in assumpsit, and in actions on the case, but under the Code practice there is no general issue.

If the defendants intended to rely upon an accord and satisfaction, they should have set it up as a defense in their answer.

Notwithstanding no such issue was presented by the pleadings, the record discloses the fact that the alleged settlement was treated as an issue in the case; evidence was introduced touching it, without objection, and it was submitted to the jury by the instructions asked by the plaintiffs.

In view of these facts, we treat the objection to the pleadings as having been waived, and examine the defense as though it had been specially pleaded.

At common law the replication to a plea of accord and satisfaction protested the delivering of the thing, and traversed the acceptance of it in satisfaction. This is practically the issue here.

The appellees admit the delivery by the appellants of a deed for seven-sixteenths of the mine, but deny that it was in full satisfaction and settlement of the claim.

Tremble testifies in substance, that, at the time of the alleged settlement, he stated to the appellants that he would receive the deed for the seven-sixteenths, and leave the matter of the other sixteenth for further adjustment, and that the deed was delivered and accepted upon this understanding.

If such was the fact, then there was no settlement of the matter in dispute, namely, the sixteenth interest retained, but merely a closing up of the transaction so far as it was undisputed. The appellants were at liberty to either accept or reject this proposition—if they accepted it, there was no settlement—if, on the other hand, they rejected it and insisted that the delivery of the deed was upon the condition that it should be in full settlement, and the appellees accepted it, the acceptance operated as an accord and satisfaction, notwithstanding their protest to the contrary. "When a party makes an offer of a certain sum to settle

a claim when the sum in controversy is open and unliquidated, and attaches to his offer the condition that the same, if taken at all, must be received in full or in satisfaction of the claim in dispute, and the other party receives the money, he takes it subject to the condition attached to it, and it will operate as a full accord and satisfaction, even though the party at the time of receiving the money declare that he will not receive it in that manner, but only in part satisfaction of his debt, so far as it will extend." *McDaniels* v. *Bank, etc.,* 29 Vt., 230; *Preston* v. *Grant,* 34 Vt., 201; *Bull* v. *Bull,* 43 Conn., 455; *Patten* v. *Douglas,* 44 Conn., 541.

Whether the appellants delivered the deed upon the condition that it should be in full satisfaction, does not clearly appear.

They, appellants, do not testify that it was definitely so expressed, but say that it was so understood.

The evidence upon the part of the plaintiff goes to prove the contrary. The evidence being conflicting, it was for the jury to say whether the delivery and acceptance of the deed was or not upon the condition that it should be in full satisfaction of the claim of the appellees. And this issue they found for the appellees.

The fact that the appellants at the time of the delivery of the deed, insisted upon the surrender of their notes, payable to Berdell, and then in the possession of the appellees, is not regarded as raising a presumption of a settlement in full. The action is not for a balance due on the surrendered notes, nor do we see that the appellees had any right of action on them They had taken them up in accordance with their agreement to do so, thus completing the payment of the purchase money. The appellees did not demand to be reimbursed their purchase money, or any portion of it, but a conveyance of the one-sixteenth interest in dispute. How, then, did the surrender of the notes affect this claim?

In any view, whatever implication could arise from a surrender of the notes, of an accord and satisfaction, it was competent for the appellees to rebut it by evidence showing a different understanding.

As we said before, the evidence touching the conditions of the delivery and acceptance of the deed, was conflicting. The question having been fairly submitted to the jury, and they having

found for the appellees, there is no ground for disturbing their verdict.

The judgment of the Court below is affirmed, with costs.

*Markham & Patterson*, for appellant.

*Hugh Butler, A. S. Weston, Rockwell & Bissell* and *D. P. Dyer*, for appellees.