[No. 4063.]

## THE BOARD OF COUNTY COMMISSIONERS OF LA PLATA COUNTY v. MORGAN.

CLAIMS AGAINST COUNTY—DISALLOWANCE IN · PART—WARRANTS—ACCEPTANCE—SATISFACTION—ESTOPPEL.

Where a party presented a claim against a county upon a form generally used for that purpose on which was a blank indorsement to the effect that the amount allowed was in full payment of the claim, and the claimant knew that it was the custom of the board, whenever a claim was disallowed in part, to indorse the amount allowed on the back of the claim as in full thereof, and his claim was allowed in part and the balance rejected and the amount allowed was indorsed upon the claim as in full thereof, and he accepted a warrant therefor, his acceptance was in full satisfaction of the claim and he was estopped to sue the county for the balance of the claim, and the fact that he protested to the board against the rejection of any part of his claim, either before or after its action thereon, is immaterial.

*Error to the County Court of La Plata County.*

Mr. N. C. MILLER for plaintiff in error.

Mr. C. T. MORGAN for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court

This action was brought in the county court of La Plata County by C. T. Morgan, as plaintiff, defendant in error, against the Board of County Commissioners of La Plata County, plaintiff in error, to recover upon two different causes of action for services as clerk and judge rendered by the plaintiff in certain criminal actions tried in the county court of which plaintiff was, at the time, the presiding judge, and in which actions the defendants were acquitted. The judgment was for the plaintiff, and the board has sued out this writ of error to review that judgment.

The amount of the claim, upon which the first cause of action is based, as originally presented to the board of county commissioners, was $24.77. It was considered by the board and an allowance was made in the sum of $11.77, and $13 thereof was disallowed. The claim mentioned in the second cause of action, as originally presented, was for $35.82½, upon which there was an allowance of $10.00 and $25.82½ was disallowed. It is for the recovery of these two amounts disallowed by the board for which this action was brought and judgment was rendered.

A certain form of blank claims was in use in that county, with which the plaintiff was familiar, and in the filing of these claims with the board this form was used by him. On the back of the blank was this language: "The amount of $.. was allowed on the within account in full payment thereof by the board of county commissioners on the .. day of ...., 189... ...., Chairman of Board." Before final action upon the claims was taken, the plaintiff was apprised that the board considered the amounts claimed excessive, and was not disposed to approve them in full, and he then informed the board that he would insist upon full payment. When the final action of the board was taken, the amount as allowed upon each claim was inserted in the proper blank of the foregoing endorsement, and the signature of the chairman followed. Warrants in the amounts allowed were issued to the plaintiff and accepted by him without any protest at the time, or any indication upon his part that the same were not taken in full accord and satisfaction of the account.

It is true plaintiff says that he did not know what the intention of the board was in allowing a sum less than the aggregate amount claimed, and that previous to their allowance he protested against reduction; but he was familiar with the custom of the board, which was that whenever an allowance upon a claim was made, the endorsement of the amount appeared upon the back of the form, and such allow-

ance was made in full satisfaction. Upon the testimony of the plaintiff himself, in the light of the authorities, it is clear that, when he presented to the board his claim for allowance and it was allowed in part and disallowed as to the remainder, and the plaintiff accepted the amount thus allowed without protest, he should not be permitted to sue afterwards for the balance. It clearly appears from his own testimony that when he received these warrants he had knowledge, or its equivalent, that the amounts allowed were on the express condition that they must be taken in full payment of the accounts, and that the balance of the claims had been rejected by the board, as was the universal custom in such cases. The fact that he previously protested does not avail him now. The authorities in support of this position are: *Berdell et al. v. Bissell et al.*, 6 Colo. 162; *United States v. Child & Co.*, 12 Wall. 232; *United States v. Adams*, 7 Wall. 463; *Bull v. Bull*, 43 Conn. 455; *Brick v. Plymouth Co.*, 63 Ia. 462; *County Commrs. v. Seawell*, 3 Okl. 281.

Had the plaintiff not intended to accept these warrants in full satisfaction of his claim, he should not have taken them. His conduct was such as to induce the board to believe they were taken in full satisfaction.

The judgment of the county court is reversed with instructions to dismiss the action.

*Reversed.*

## On Petition for Rehearing.

*Per Curium.*—In his petition for a rehearing defendant in error questions the accuracy of the statement in the original opinion that *before* final action upon the claims plaintiff protested against the disallowance of a portion of them, and the further statement that the warrants were accepted by him without any protest at the time, or any indication on his part that the same were not taken in full accord and satisfaction.

He says that he made his protest *after*, and not before, the disallowance and drawing of the warrants, and, for that reason, is not estopped to sue for the balance.

As we read the record, it does not clearly appear whether the protest was made before, or after, the action of the board, and it may be true, as defendant in error now contends, and we may safely concede, that it was after the action of the board was taken. It is not material or controlling, however, that, in point of law, the objection came after the rejection of part of the account. For the decision is not based upon the supposed fact that such protest was theretofore made. It sufficiently appears from the record that defendant in error was cognizant of the mode of doing business by, and the universal custom of, the board when it disallowed a portion of a claim to prescribe as a condition of the right of the claimant to receive a warrant for the part allowed that he should take it in full satisfaction of his entire claim. When he took his warrants plaintiff had knowledge, or facts equivalent to knowledge, not only of this condition, but also that endorsements to this effect were made upon the back of the blank forms. It is true that a protest to the clerk is ineffectual, but if the claimant wished to reserve the right to sue for the balance, he should not have accepted the warrants.

The facts of this case differentiate it from that of *Rio Grande County v. Hobkirk*, 13 Colo. App. 180. In that case the claimant did not know of the conditions upon which part of the claim was allowed, nor, by his conduct, did he accept the warrant in full satisfaction. Under the decisions cited in the original opinion, plaintiff is estopped to sue for the balance of the claim, because his acceptance of the warrants in the circumstances must be construed as a full satisfaction, and an abandonment of his protest, and a waiver of the right to sue for the balance. The petition for rehearing will be denied.