Wilson, P. J.
Plaintiff presented to defendant, the board of county commissioners of La Plata county, for allowance, a number of separate itemized bills or accounts for services claimed to have been rendered by him as county superintendent of schools. The bills were made out on printed blanks used for the purpose, and on the back of each was the following printed form:
‘ ‘ The amount of $........was allowed on the within account in full payment thereof, by order of the board of county commissioners on the........day of....., 189..... ........................
Chairmáp. ’ ’
When the bills were acted upon by the board it seems to have been the custom to fill out the proper blank space with the amount allowed, together with the date, and this was signed by the chairman of the *87 board. Some of plaintiff’s accounts were allowed in full, some only in part and some wholly disallowed. County warrants or orders for the amounts allowed were made out by the county clerk, and were received by the plaintiff, or by his assignee. Plaintiff then commencéd this suit for the balance due on the accounts which had been only partially allowed and paid. The defense relied upon is that the warrants for the respective amounts were taken and accepted by plaintiff in full satisfaction of the respective claims. Judgment was for plaintiff.
The facts of this case are quite similar to those of Rio Grande County v. Hobkirk, 13 Colo. App. 180, and they are not at all such as to bring the case within the rule announced in Board of Commissioners of La Plata County v. Morgan, 28 Colo. 322, 65 Pac. 41. The defendant’s plea was in the nature of accord and satisfaction, and to sustain it the burden was upon it to show by competent evidence every element necessary to constitute it.—Rio Grande County v. Hobkirk, supra. In this it wholly failed. There was no proof that the plaintiff had any knowledge that the board in the allowance of only a part of his claims at the time when presented, had prescribed or intended to prescribe as a condition that such allowance was to be taken in full satisfaction of the claim. Nor were any facts or circumstances shown which were equivalent to, or from which such knowledge on plaintiff’s part could be implied. Nor was it shown that plaintiff had any knowledge of the custom of the board, if such a custom existed, of prescribing as a condition when it disallowed a claim in part that the allowance should be accepted in full payment. This knowledge was shown in the'Morgan case, and was precisely that upon which the court based its opinion. It said: “It sufficiently appears from the record that defendant in error was cognizant of the mode of doing business by, *88 and the universal custom of, the hoard, when it disallowed a portion of a claim to prescribe, as a condition of the right of the claimant to receive a warrant for the part allowed that he should take it in full satisfaction of the entire claim. When he took his warrants plaintiff had knowledge, or facts equivalent to knowledge, not only of this condition, but also that endorsements to this effect were made upon the. back' of the blank form.” It was not shown in this case that plaintiff ever saw the voucher or claim presented after it had been acted upon by the board, and after this blank form on the back of the claim had been filled out. Even if he had seen it, under the evidence in this case, it possibly would not alone have been sufficient to have estopped him from bringing this suit, because it appeared that in a number of instances. of which plaintiff had knowledge, they being with reference to his own claims, the board had allowed only a part of his claim, and had subsequently allowed the remainder, showing that the board itself did not regard this endorsement upon the back of a claim as conclusive and final. It is in evidence that the plaintiff saw only the warrants which were issued in payment of the sums allowed, and there were no endorsements whatever upon these to show any conditions upon which they were issued. It seems, too, that at the time of the acceptance of these warrants, the plaintiff, although it is shown that he had no knowledge of any condition being attached to their issuance, expressly notified the clerk that he did not accept them in full of his claims.
The judgment of the court was correct, and it will be affirmed.

Affirmed.