## Michigan Leather Company v. George J. Foyer.

1. DEBTOR AND CREDITOR—*Offer to Settle Unliquidated Claim Must be Accepted or Rejected in Toto.*—Where a check is sent on condition that if accepted it shall be in full satisfaction of an unliquidated disputed claim, its acceptance involves the acceptance of the condition upon which it was offered, and bars further recovery.

Assumpsit.—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed November 28, 1902.

Foyer had been in the employ of the Leather Company as a traveling salesman, at a salary of fifty dollars per month and his reasonable traveling expenses. He was discharged for disobedience to orders. Thereupon he sent his statement of account to the Leather Company, showing that there was due to him the sum of $94.31. In reply the Leather Company sent him a letter setting forth a detailed statement of the account as it understood it, by which the balance due him was shown to be $18.35. Following the statement the Leather Company wrote: "For which we enclose check in full settlement, receipt of which please acknowledge." A check to his order for this balance of $18.35 was sent in this letter. Foyer received the letter and the check. He says that he read the letter hurriedly, noticed some figuring, but did not read the clause above quoted, and did not know that the check was intended in full settlement of the disputed account. He cashed the check and then began this suit for the remainder of the account as he had stated it, and obtained a judgment for such remainder. The Leather Company brings the case to this court by writ of error.

HOYNE, O'CONNOR & HOYNE, attorneys for plaintiff in error.

JOHAN WAAGE, attorney for defendant in error.

Brink's Chicago City Express Co. v. Herron.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

There was a dispute between these parties as to the state of their account. The demand was unliquidated. The claim of each was that his statement correctly set forth the account. In this condition of affairs the Leather Company made up a detailed statement of the account as it understood it, named the balance thus found due, and sent him its check for the same, accompanied by the statement that the check enclosed was in full settlement of the account. Upon the receipt of this letter and check it became the right of Foyer to do one of two things: either to send back the check and sue upon his statement of the account, or to receive such check in full settlement. The check was sent him on condition that, if accepted, it should be in full satisfaction of the unliquidated disputed claim. It was not his privilege to make a new contract for the Leather Company. The acceptance of the check involved the acceptance of the condition upon which it was offered. This acceptance bars further recovery. Lapp v. Smith, 183 Ill. 183.

The fact, if it be a fact, that he read the letter hurriedly and did not notice that the check was sent in full of the account, is immaterial. His rights and obligations remained the same. He could read, and he will not be heard to say that he neglected to learn the entire contents of that letter. The law charges him with knowledge of all the letter contained. Yeomans v. Lane, 101 Ill. App. 228, 235.

The judgment of the Circuit Court is reversed and the cause is remanded.