[No. 8633.]

NEW YORK LIFE INSURANCE CO. v. MACDONALD.

1. ACCORD AND SATISFACTION—*Payment of a Less Sum in Satisfaction of a Greater*, which is not liquidated, is not a satisfaction of the residue remaining unpaid; but the rule is confined strictly to cases within it, and departed from upon slight distinctions. Acceptance of the less sum, with full knowledge that it is tendered as full payment, without protest or objection, bars an action for the balance, where the claim is unliquidated or disputed,—there being no fraud or mistake. (71.)

2. ——*Set Off in Uncertain Amount*, renders an undisputed claim unliquidated.

Plaintiff held a policy in defendant company for over three thousand dollars. Defendant remitted an account deducting $550.00, a "balance for credit of Colorado Branch," with a check, stating upon its face that it was "in full settlement of all claims" under the policy. The check was accepted by plaintiff, with an endorsement that it was received "in full as specified on reverse." *Held*, an accord and full satisfaction. Judgment for plaintiff reversed. (70.)

*Error to Denver District Court.* Hon. CHARLES C. BUTLER, Judge.

*Department.*

Mr. CHAS. W. WATERMAN, Mr. CALDWELL MARTIN, and Mr. JAMES H. McINTOSH, for plaintiff in error.

Mr. L. F. CRAWFORD, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The defendant in error was plaintiff below in an action to recover a balance alleged to be due him from the plaintiff in error on one of its policies.

One of the defenses was accord and satisfaction. The trial court rejected this defense on the ground that no accord and satisfaction was shown, in that there was no consideration for the alleged contract under which the plaintiff was paid a sum less than he claimed to be due.

The correctness of this ruling is the only question necessary to be determined, in the view we take of the case.

It appears that the plaintiff had been an agent of the defendant company, and the latter claimed that on the agency account there was due to it the sum of $555.93.

On the trial, the defendant introduced in evidence the following letter:

"April 8, 1913.

Mr. Malcolm McDonald,
        Leadville, Colo.
My dear Mr. McDonald:

I am pleased to advise you that the company has acted upon the Insurance Commissioner's instructions, in this case, and you will find enclosed herewith our check for $3,367.05, which represents the total amount due you in full settlement of the policy, after making deductions as follows:

| | |
|---|---|
| Dec., 1912, premium | $176.95 |
| Agency balance for Credit of Colo. branch | 555.93 |
| Loan interest due | 2.07 |
| Outstanding policy loan | 898.00 |
| | $1,632.95 |

Trusting that this is clear to you, and that you have now fully recovered from your illness.

                        Very truly,
                        Fred B. McConnaughy,
                                Cashier."

Plaintiff, by replication, admitted that the check mentioned in said letter was received, but alleged that it was received in part payment only.

The check contained this statement on its face: "In full settlement of all claims under policy No. 30002431." On the back it contained this receipt, signed by the plaintiff: "Received payment in full as specified on reverse side." The check was paid in due course.

The rule invoked by the trial court, as it is stated by counsel, that where a liquidated sum is due, the payment of a less sum in satisfaction thereof is not binding as such for want of consideration, is well established, though often criticised. It is regarded with so much disfavor as to be confined strictly to cases within it. *Ry. Co. v. Clark,*

178 U. S. 353-365.  The rule is said to be "technical, and not very well supported by reason;" and it is said further, that "courts have therefore departed from it upon slight distinctions."  *Kellogg v. Richards,* 14 Wend. 116.

Was the trial court, then, correct in its rejection of this defense?

This court in a series of cases has held that the acceptance of a sum less than the claim, with knowledge that it was intended as full payment is, in the absence, at least, of some protest or indication that it was not taken in satisfaction of the claim, a bar to an action for an alleged balance, when the debt is unliquidated or disputed, there being no fraud or mistake in the case.— *Berdell v. Bissell,* 6 Colo. 162; *Guldager v. Rockwell,* 14 Colo. 459, 24 Pac. 556; *Comrs. of La Plata County v. Morgan,* 28 Colo. 322, 65 Pac. 41; *Harvey v. D. & R. G. Ry. Co.,* 44 Colo. 258, 99 Pac. 31, 130 Am. St. 120; *Bassick Co. v. Beardsley,* 49 Colo. 275, 112 Pac. 120, 36 L. R. A. (N. S.), 852.

The defendant in error contends that the claim was liquidated, since the policy was for a certain sum, and that the balance on account, not being connected with the policy, could not be regarded as making the claim unliquidated.

This contention is clearly wrong.  The question at issue was, how much did the defendant owe the plaintiff? That could be determined only by deducting from the amount due under the policy whatever sum the defendant was entitled to as a set-off.  Until the amount of the set-off was determined, it was uncertain what the defendant's debt to plaintiff was.  That a set-off or counterclaim which is uncertain in amount renders the debt unliquidated, though plaintiff's claim is not in dispute, is settled by eminent authorities.—*Ostrander v. Scott,* 160 Ill. 339, 43 N. E. 1089; *Tanner v. Merrill,* 108 Mich. 58, 65 N. W. 664, 31 L. R. A. 171, 62 Am. St. 687; *Ry. Co. v.*

*Clark, supra; Greenlee v. Mosnat,* 116 Iowa 535, 90 N. W. 338; *Rollman Coal Co. v. St. Louis,* 145 Mo. 651, 47 S. W. 563.

In the case first cited on this point the Supreme Court of Illinois said:

"It is claimed that the account of the plaintiff was liquidated because its items are not disputed. But if there was a controversy over a set-off and the balance due the plaintiff was fairly in dispute, the claim could not be treated as liquidated."

In the Michigan case the court said:

"While the controversy was over the set-off, it is plain that the amount due plaintiff was in dispute."

The other cases cited are to the same effect.

There was, then, a dispute as to the sum due plaintiff; and when plaintiff accepted the check, which bore upon its face the statement that it was given in full payment of all claims under the policy, and signed a receipt on the check which was to the same effect, he must be held to have taken it on the terms under which it was offered. If he did not wish to accept the check on those terms, he should have refused it. *La Plata County Comrs. v. Morgan, supra; Hills v. Sommers,* 53 Hun. 392, 6 N. Y. Supp. 469. The Supreme Court of the United States has said: "It has been frequently ruled by this court that a receipt in full must be regarded as an acquittance in bar of any further demand, in the absence of any allegation and evidence that it was given in ignorance of its purport, or in circumstances constituting duress, fraud, or mistake." *Ry. Co. v. Clark, supra.* Here the condition upon which payment was made was express, though an implied condition is sufficient. 38 Cyc. 165. Under the circumstances surrounding the payment it cannot be doubted that the defendant in error knew that it was intended as settling the entire controversy, and the taking of the check was an acceptance of

the conditions on which it was offered. This constituted an accord and satisfaction under the principles above mentioned.

The judgment is, therefore, reversed, and the cause remanded for further proceedings in harmony with the views above expressed.

*Judgment reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.