## No. 9097.

## STANLEY-THOMPSON LIQUOR COMPANY *v.* SOUTHERN COLORADO MERCANTILE COMPANY.

1. ACCORD AND SATISFACTION—*Payment and Acceptance of a Less Sum than Claimed.* A set-off of uncertain amount renders the debt unliquadated although the amount thereof is not in dispute. And this, even though the counter claim grows out of a transaction other than that giving rise to the indebtedness asserted by plaintiff.

2. *Evidence.* The tender of a smaller sum than that claimed, with notice that it must be accepted in full satisfaction, or rejected, constitutes, if accepted, an accord and satisfaction. A voucher accompanied by a check bearing the indorsement "Payee's indorsement will be considered an acknowledgment in full," being accepted by the payee, and collected, held to affect notice that the amount of the check was tendered in full satisfaction.

3. *Pleading—Waiver of Defects.* No demurrer being interposed to the answer, and the cause being tried as if the issue of accord and satisfaction was presented, all objections to the answer were regarded as waived.

*Error to Las Animas District Court, Hon. Granby Hillyer, Judge.*

Mr. T. S. McCHESNEY, for plaintiff in error.

Mr. JESSE G. NORTHCUTT, Mr. E. B. UPTON, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is an action brought by The Southern Colorado Mercantile Company, hereinafter referred to as the plaintiff, against The Stanley-Thompson Liquor Company, defendant, to recover the sum of $19.43 claimed to be due as an unpaid balance on a bill of $97.28 for liquor sold by plaintiff to defendant.

The defendant pleaded, and at the trial sought to prove, the defense of accord and satisfaction. At the close of the evidence each party moved for a directed verdict in its behalf respectively. The court sustained the motion of the plaintiff, and instructed the jury to return a verdict for the plaintiff in the sum of $19.43 and costs. The defendant brings the cause here for review.

It is contended by the defendant that the defense of accord and satisfaction was proven at the trial, and that "the court erred in holding that the check given in payment of the accounts between the parties did not constitute an accord and satisfaction." The check in question, which was introduced in evidence, is a combination voucher and check, and, together with the endorsements thereon, is in the following words and figures:

THE STANLEY-THOMPSON LIQUOR COMPANY.

Voucher No. 860.

TO The Southern Colo. Merc. Co.

| Invoice No. | Date of Bill. | Amount of Bill. | Amount Paid. |
|---|---|---|---|
| 1047 | 1915/11/17 | 97.28 | 77.85 |
| | | Deduct    19.43 | |
| | | 77.85 | |

Less 9 Pts. Champagne from Mike Skiles @ 42.00      15.75
"    4 Qts. Cedar Brook   "      "      "                       3.68
      P A I D
  12      9      15

              Total amount of this voucher   77.85

CORRECT          T. A. Thompson

      THE STANLEY-THOMPSON LIQUOR CO.           860

          Trinidad, Colorado, Dec. 3d, 1915.

When properly receipted

PAY TO THE ORDER OF   The Southern Colo. Merc. Co.   $77.85

          Seventy Seven 85/100   DOLLARS

          (Not over Ninety Dollars $90.)

      THE STANLEY-THOMPSON LIQUOR CO.

          T. A. Thompson, Treasurer.

To THE FIRST NATIONAL BANK,

    Trinidad, Colorado.

    (Endorsements on back of check and voucher.)

If not correct return without alteration and state difference.

Payee's endorsement will be considered acknowledgment in full.

        Make all endorsements below.

Pay THE INTERNATIONAL STATE BANK, Trinidad, Colo., or Order.

    THE SOUTHERN COLORADO MERCANTILE CO.

      THE INTERNATIONAL STATE BANK

        Paid Dec, 9, 1915

        TRINIDAD, COLO.

The general rule relied on by defendant may be stated as it is expressed in 1 Corpus Juris 551, sec. 71, as follows "Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction." This rule has been, a number of times, applied or referred to by this court and by our Court of Appeals. *C., R. I. & P. Ry. Co. v. Mills,* 18 Colo. App. 8, 69 Pac. 317; *Harvey v. D. & R. G. R. R. Co.,* 44 Colo. 258, 99 Pac. 31, 130 Am. St. Rep. 120; *New York Life Insurance Co. v. MacDonald,* 62 Colo. 67, 160 Pac. 193; *Colorado Tent & Awning Co. v. Denver Country Club,* — Colo. —, 176 Pac. 494.

The plaintiff contends that its claim, in payment of which the check was sent, was not a claim which was "unliquidated or in dispute," and that therefore the rule above stated is not applicable. This contention can not be upheld. The record shows that before the check in question was issued and tendered by the defendant to the plaintiff, the latter claimed the sum of $97.28 as being due from the defendant for liquors sold and delivered. The defendant admits the correctness of this demand, and conceded the same when the check was sent, but itself made a claim against the plaintiff for $19.43 on account of a quantity of champagne and whiskey alleged to have belonged to the defendant and to have been converted by the plaintiff to its own use. This counterclaim of the defendant was disputed. What was due to the plaintiff, therefore, could be determined only by deducting from its claim of $97.28 whatever sum the defendant was entitled to under its counterclaim. Until the amount of the counterclaim was determined, it was uncertain what the defendant's debt to the plaintiff was. That a set-off or counterclaim which is uncertain in amount renders the debt unliquidated, though plaintiff's claim is not in dispute, is settled in this state by the decision of this court in *New York Life Insurance Co. v. MacDonald, supra.* Moreover, the opinion in that case is in accord with the weight of authority in the United States. 1 C. J. 556, sec. 78; 1 R. C. L. 198, sec. 33. The

rule is not affected by the fact that the counterclaim does not grow out of the same transaction which gave rise to the plaintiff's claim. The check in question, in the instant case, was only for the amount conceded by the defendant to be due, but this fact does not preclude an accord and satisfaction. In *C., R. I. & P. Ry. Co. v. Mills, supra,* it was said: "Nor is the settlement affected by the fact that the creditor receives only what the debtor concedes to be due."

It next remains to be considered whether the check was accepted in payment of the debt, and whether, under the evidence, this case falls within the rule stated in 1 C. J. 562, as follows:

"When a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction."

The check and voucher in question was sent to the plaintiff by the defendant through the mails. The evidence shows that at and prior to the time that the check was thus issued and tendered, the plaintiff knew that the defendant was claiming payment for certain whiskey and champagne alleged to have been taken by the plaintiff from the saloon of one Mike Skiles. The voucher, which was attached to the check, shows that the defendant, in making payment of the plaintiff's bill, deducted what it claimed to be due to itself on account of its counterclaim, and indicated on the voucher that the amount so deducted related to the whiskey and champagne "from Mike Skiles." The plaintiff should have known from this circumstance that the check was tendered in full settlement of all that the defendant owed plaintiff. Furthermore, the endorsement on the back of the check also shows that the check was offered on the condition of being in full satisfaction of the debt. The endorsement reads as follows:

"If not correct, return without alteration and state dif-

ference. Payee's endorsement will be considered acknowledgment in full."

The words "acknowledgment in full," when taken in connection, and considered, with the existing circumstances and all other recitals in the voucher and check, indicate that they mean the same as if the expression was "Acknowledgment of payment in full of all accounts," or some other phrase of like import. The creditor must have so understood the endorsement, and is presumed to have read it before signing its name beneath it and having the check cashed. The law charges the plaintiff creditor with knowledge of all the wording and contents of the voucher and check in question. *Michigan Leather Co. v. Foyer,* 104 Ill. App. 268. The plaintiff had notice from the words contained in the voucher and check, and from the attendant circumstances, that the check was being offered in full satisfaction of its claim.

The check was received, endorsed, and cashed, and the money obtained thereon was retained by the plaintiff. Neither the check nor the proceeds therefrom was ever returned or offered to be returned by plaintiff to defendant It must be held, therefore, that the check was accepted on the conditions on which it was offered, and that its acceptance constituted an accord and satisfaction. *Colorado Tent & Awning Co. v. Denver Country Club, supra.*

The plaintiff also contends that accord and satisfaction was not properly pleaded. No demurrer was interposed to the answer. The cause was tried as if accord and satisfaction was in issue. The objection to the pleading must therefore be deemed waived by the plaintiff. *Berdell v. Bissell,* 6 Colo. 162; 1 C. J. 579.

We are of the opinion that accord and satisfaction was clearly shown by the evidence, and sufficiently so to have required a directed verdict for the defendant. The judgment is therefore reversed, and the cause remanded with directions to enter judgment for defendant.

Reversed.

Chief Justice Garrigues and Mr. Justice Bailey concur.