Clyde L. McGILLVRAY, Max McGillvray, James G. Barry and John A. Nilles, co-partners doing business under the firm name and style of McGillvray Brothers, Plaintiffs,

v.

W. D. GROSS, Defendant.

No. 3996–KA.

District Court, Alaska,
First Division, Ketchikan.
Nov. 18, 1958.

Gore & Jernberg, by R. L. Jernberg, Ketchikan, Alaska, for plaintiffs.

W. C. Stump, of Stump & Bailey, Ketchikan, Alaska, for defendant.

KELLY, District Judge.

This matter comes before the court on motion for summary judgment, supported by affidavits and various exhibits introduced by the defendant. The significant facts admitted to by the parties and upon which judgment is claimed are relatively simple. It appears that the plaintiff and the defendant entered into a construction contract in the early part of December of 1956, calling for substantial completion of the defendant's building by the plaintiff contractor on June 15, 1957. An article in the contract provided for $50 in liquidated damages for each day of delay by the plaintiff in the completion of the contract, the liquidated damages to be deducted from the contract price. In total, the date of completion exceeded the date of per-formance by 94 days. The contract further provided that upon erection of the defendant's building, an architect's certificate of approval was to be issued, and the balance due the plaintiff under the contract was to be paid. In addition to the architect's certificate, the architect submitted a letter to the defendant whereby he stated that 48 of the 94 days' delay in erection of the defendant's building was to be attributed directly to the fault of the plaintiff.

On November 18, 1957, the plaintiff received a letter from the defendant in which he notified the plaintiff that he expected to deduct the penalty of $50 per day from the contract balance. The plaintiff was thus put on notice of the defendant's intent. On November 20, 1957, a copy of the architect's letter was forwarded by the defendant to the plaintiff, together with a check in the sum of $13,540.92, bearing the notation that it was the "balance of basic contract less $50.00 per day for 48 days." Any reasonable person would know that the wording on the check was clearly in accord with the letter of November 18, and in full payment of the debt if accepted. The check was accepted and cashed by the plaintiff. Defendant requests summary judgment alleging accord and satisfaction as a bar to the plaintiff's action for the amount due under the contract price in the sum of $2,400.

It is a settled principle that to invoke the doctrine of accord and satisfaction, there must exist a genuine and good faith dispute as to the amount alleged to be due the creditor, so as to supply "sufficient consideration for an agreement of accord on an unliquidated demand." Texas Water Supply Corp. v. Reconstruction Finance Corp., 5 Cir., 1953, 204 F.2d 190, 195. There can be no question that the balance due under a contract is liquidated and is not subject to the application of this doctrine. However, due to the provision in this contract for a stipulated sum of liquidated damages for each day of delay in completion of the defendant's building, and since that completion exceeded

the specified date recited in the agreement between the parties, a dispute does exist as to any amount that the defendant is entitled to offset against the contract price for the plaintiff's delay, and the existence of such dispute is admitted by the parties. As the defendant correctly contends, uncertainty in the amount of a setoff or counterclaim renders the contractual debt unliquidated. Stanley-Thompson Liquor Co. v. Southern Colorado Mercantile Co., 1919, 65 Colo. 587, 178 P. 577, 4 A.L.R. 471.

Where acts and declarations accompanying payment of a disputed claim make it known to the creditor that the check is tendered in full satisfaction of the debt, the law implies that the check can be accepted only upon that condition, and upon use and retention of the check by the creditor the debtor is discharged from any further liability. Deuches v. Grand Rapids Brass Co., 1927, 240 Mich. 266, 215 N.W. 392; Hynes v. Hynes, 1947, 28 Wash.2d 660, 184 P.2d 68; United States, for Use of Glickfeld v. Krendel, D.C.1955, 136 F.Supp. 276.

The court need only consider whether the letter of November 18, 1957, together with the check and attached letter forwarded to the plaintiff on November 20, 1957, constitute sufficient legal notice to the creditor that the check was tendered in full satisfaction of any claim against the defendant. There is no doubt that this requisite has been fulfilled. By the terms of the contract between the parties, the balance owed the plaintiff was to be paid by the defendant upon approval of the building by the architect, subject to any deductions for liquidated damages. The contract further specified the amount of damages for each day of delay in the completion of the building. In notifying the plaintiff of the defendant's intention to apply the amount of liquidated damages against the balance due under the contract in accordance with the above terms of the agreement, and in further indicating to the plaintiff through the notation on the face of the check, together with the accompanying letter that the

amount payable reflected this disputed adjustment, the defendant gave ample notice to the plaintiff that the check was tendered in full satisfaction of any claim against the defendant. Upon the cashing of the check by the plaintiff he consented to the terms of the payment and is bound by them.

Accordingly, the proposed findings of fact, conclusions of law and judgment will be signed and filed by the court in ten days.