WESTERN REAL ESTATE TRUSTEES et al. v. HUGHES.

(Circuit Court of Appeals, Eighth Circuit.    March 25, 1907.)

No. 2,425.

TRIAL—EXCLUSION OF EVIDENCE—INSTRUCTIONS.

In an action for damages caused by the collapse of a building during alteration, plaintiff alleged noncompliance with an ordinance requiring the issuance of a building permit before the building alterations were commenced. Defendant sought to prove what had been done with reference to securing a permit before the commencement of the work, but the court sustained plaintiff's objection, and stated that he did not see how the permit was material; that in the view he took of the case it would go to the jury on the single proposition whether the work was done in a negligent manner. The matter was not again referred to, but the court charged that in determining whether defendants were negligent the jury might consider the fact that the city ordinances required a permit to be obtained, the fact that one was not obtained, and whether the omission contributed to the injury. *Held*, that such instruction submitted an issue on which defendant had not been heard, and was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 596.]

In Error to the Circuit Court of the United States for the District of Nebraska.

Writ of error to review a judgment obtained by Hughes in an action against the Western Real Estate Trustees and others.

Wm. Baird (John C. Wharton, on the brief), for plaintiffs in error.
Irving F. Baxter (Hall & Stout, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge.   The plaintiff, a merchant of Omaha, Neb., sued for damage to his stock of merchandise and trade fixtures and furniture resulting from the collapse of a building which he occupied as a tenant. · The defendants owned the adjoining property.   Between the buildings was a party wall which had been erected some years before under a contract made by the former owners.   The defendants were having alterations made in their building, and during the progress of the work the party wall fell, dragging with it portions of the two buildings and causing the damage complained of.   The charge in the petition is that the work was being negligently done, and also unlawfully, because no building or alteration permit had been secured from the building inspector as required by a municipal ordinance.   The sections of the ordinance which were set forth prohibited the alteration of any building before a permit had been obtained and until the building had been examined and approved by the inspector as being in safe condition to be altered.   At the trial the plaintiff introduced evidence tending to show negligence, showing the adoption of the ordinance by the municipal authorities, and also the fact that no permit for the work had been procured.   When the evidence for the defense was being introduced the agent in charge for the defendants was asked while testifying what, if anything, had been done with reference to securing a permit before the commencement of the work.   The trial court sustained plaintiff's objection to the question, and the defendants excepted.   The question

was reframed and asked again, and upon a repetition of the objection the trial court said:

"I cannot see how the permit cuts any figure in this case. I will listen to each of you on that branch of the case; but, as I view the case now, it will go to the jury on the single proposition as to whether or not this work was done in a negligent and unskillful manner, leaving out of consideration the question which may arise, if any, as to party wall business. At present we will exclude it. If I am convinced before the case ends that the permit cuts any figure in this case, you will be permitted to go into that branch."

The defendants, conforming to the decision of the court, then desisted from this line of inquiry, and the matter was not again referred to until the court, in charging the jury, said that they might in determining whether the defendants were negligent consider in connection with all the evidence the fact that the ordinance required a permit to be obtained, the fact that one was not obtained, and the question whether the omission contributed to the injury. This was doubtless an inadvertence on the part of the court, but the prejudicial effect upon the defendants may well be inferred in view of the sharp conflict in the other evidence upon the issue of negligence. The ruling of the court was not merely upon the particular question asked, but it was comprehensive in scope and clearly decisive of one of the substantial features of the case. It was in favor of the defendants, and, of course, they were not required to except to it. The language of the court invited the obedience of counsel and contained a promise of warning in case of a change of its view. For the time being the question of permit or no permit was no longer in the case; for, when the court made the ruling, the case stood, so far as the defendants were concerned, as though the averments about the ordinance and permit had been stricken from the petition. They were entitled to be seasonably advised of a change in the opinion of the court so that any defense they had might be presented and be in judgment. They have not had their day in court upon that matter, and we need not speculate as to what might possibly excuse an omission to obtain a permit, or whether the ordinance in its relation to the question of negligence would be satisfied if the building inspector in point of fact inspected the building and orally authorized the alterations.

Harkison v. Harkison, 41 C. C. A. 201, 101 Fed. 71, presented a question quite similar. It was an action for fraud and willful deceit, in which under a local statute a judgment for the plaintiff entitled him to execution against the body of defendant. At the close of plaintiff's evidence the defendant moved for a nonsuit, upon the ground that the cause of action was barred by the statute of limitations, and the court in overruling the motion held that the action was in assumpsit, and not for fraud and deceit. Thereafter the defendant in making his defense did not touch upon the tortious aspect of the case as averred in the complaint, but when the court charged the jury it submitted the question of fraud and willful deceit to them, they found the defendant guilty, and a judgment of imprisonment followed. This court held that the defendant had been prejudiced in making his defense and awarded a new trial. An analogy may also be found in Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162,

153 F.—36

in which a plaintiff was induced by the court's announcement of its view upon one of two defenses to refrain from introducing evidence to meet the other.

The other assignments of error do not require mention. We have examined them and found them untenable.

The judgment is reversed, and the cause is remanded for a new trial.