## No. 8956.

### TRIMBLE *v*. COLLINS.

1. TRIAL—*Questions for Court and Jury.* It is the province of the court to construe a contract, and to submit the interpretation of a writing to the jury is error.

The jury determine whether compliance with a contract is shown; and where an agreement is to be performed in reasonable time,

e. g., as where no time of performance is specified, the question whether it was so performed is for the jury.

2. CONTRACT—*Construed.* The term of a lease was to begin at a day specified. The lessor agreed to make certain improvements, but the time of completion was not mentioned. *Held* that nothing to the contrary appearing in the words of the writing, the law presumes an intent that the improvements were to be made within a reasonable time.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Department.

Mr. FRED W. STOW, Mr. RUSSELL W. FLEMING, Mr. HERMAN W. SEAMAN, Mr. FRED W. STOVER, for plaintiff in error.

Mr. L. R. RHODES, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error brought suit against the defendant in error for rent under a lease in writing; verdict and judgment for defendant. The plaintiff brings the case here for review.

The principal ground urged for reversal is that the court erred in giving and in refusing certain instructions.

The lease was executed June 3, 1913, and the term was to begin on June 15.

The lease provided that the plaintiff was to make some changes and improvements in the building leased; but no time was specified for the doing of the work. It was not completed on the 15th, and the defendant declined to take possession and pay rent.

It is urged that the court erred in submitting to the jury in instruction No. 2 a question as to the construction of the lease. The instruction reads:

"If you find that by the terms of the contract it was made the duty of the plaintiff to complete the improvements and repairs on the said building prior to the 15th day of June, 1913, his failure to complete said improvements and re-

pairs prior to said time will defeat his right to recovery in this case;"

The giving of this instruction was error.

It is the province of the court to construe a contract, and of the jury to determine whether or not the facts proved show a compliance with the contract.

By instruction six the court instructed the jury that, if there was no time fixed for making the improvements, then they should have been completed by June 15. This determines a question which by instruction two was left to the jury, and is bad because likely to be confusing. Not only that, but it is not a correct construction of the lease. There are no words used from which it may fairly be inferred that the making of the improvements was a condition, the non-performance of which would defeat the leasehold estate.

To operate as a condition precedent the words used must import that the vesting or the continuance of the estate depends upon a named contingency.

No time being stipulated for the completion of the repairs, the law presumes an intent that they should be made within a reasonable time. *Walling v. Warren*, 2 Colo. 434, 9 Cyc. 611. It was for the jury to determine whether or not the repairs were in fact made within a reasonable time.

Because of these errors in instructions the judgment is reversed.

*Judgment reversed.*

Chief Justice Hill and Mr. Justice White concur.

Decided February 4, A. D. 1918.   Rehearing denied May 6, 1918.