## No. 9195.

## COLORADO TENT AND AWNING COMPANY *v.* DENVER COUNTRY CLUB.

1. APPEAL AND ERROR—*Presumptions.* A court of review in considering the sufficiency of the evidence will make all inferences fairly deducible from the evidence, to support the judgment.
2. ESTOPPEL—*Accord and Satisfaction.* The acceptance of a check bearing an endorsement to the effect that it is "Payment in Full", is in effect an accord with satisfaction, and precludes a further recovery.

*Error to Denver County Court, Hon. W. C. Hood, Jr., Judge.*

Mr. JOHN HORNE CHILES, Mr. ARNOLD WEINBERGER, for plaintiff in error.

Messrs. SYMES & FARRAR, Mr. IVOR O. WINGREN, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action wherein The Colorado Tent and Awning Company, hereinafter called the plaintiff, seeks to recover from The Denver Country Club, hereinafter referred to as the defendant, the sum of $75 alleged to be due plaintiff from defendant for the rental of wares and merchandise.

The case was tried in the County Court, without a jury. The trial judge found for the defendant, and judgment was rendered accordingly. The plaintiff brings the case here upon writ of error, contending and assigning as error that the finding and judgment are contrary to the law and the evidence.

On October 10, 1914, the defendant mailed to plaintiff a check for $324.58. The check was tendered as payment in full of the account existing between the parties, and on the back thereof contained the following endorsement:

"Endorsement hereon is an acknowledgment of payment in full of the account stated on the face of this check."

A witness for the plaintiff testified that on October 13, 1914, the plaintiff returned the check by mail to the defendant, with a letter stating, in part, as follows:

"We are returning herewith your remittance of the 10th inst., as you have sent this check marked 'in full payment,' which is incorrect, as the total amount of the account is $399.58."

In the testimony introduced by the defendant it is denied that the defendant received the above mentioned letter, but it is claimed that the check was brought back to the defendant, at its place of doing business, by the plaintiff's representative in person. It is not disputed, however, that the check was not accepted by the plaintiff when first received by it, and that thereafter a conversation took place between representatives of the parties with reference to the account and the check.

The testimony of the plaintiff is to the effect that, as a result of this conversation, the check was accepted as a part payment of the account, and that the defendant owes the amount now sued for as a balance due. The testimony of the defendant, on the other hand, is to the effect that after the check was returned, the defendant continued to tender it to plaintiff as payment in full of the account; that the defendant never agreed or consented that the check should be applied by plaintiff as a part payment; and, that in the conversation last mentioned, the representative of the plaintiff remarked that, if he accepted the check, he "would not get anything else." The uncontradicted testimony shows that after this conversation the defendant retained, and on or about the 5th of November, 1914, cashed, the check which then still bore the endorsement, hereinbefore set forth, containing the words, "payment in full."

On reviewing the sufficiency of the evidence to support the judgment, the Appellate Court will draw every inference fairly deducible from the evidence in favor of the judgment, especially where, in a case tried by the court without a jury, no findings of fact or conclusions of law were filed. 4 C. J. 786, sec. 2739.

The testimony contained in the record should be viewed in the light most favorable to the party successful in the trial court, in this case the defendant. *Sebold v. Rieger*, 26 Colo. App. 209, 142 Pac. 201. Applying the rules above stated, we are of the opinion that the evidence warrants the conclusion that the plaintiff accepted, retained and cashed the check in question with the knowledge that the same was tendered by the defendant on condition of being a payment in full of the account between the parties. This being true, the taking of the check was an acceptance by the plaintiff of the conditions on which it was offered, all of which constituted an accord and satisfaction, precluding the plaintiff from the right to recover anything more on the account. *C., R. I. & P. Ry. Co. v. Mills*, 18 Colo. App. 8, 69 Pac. 317; *Berdell v. Bissell*, 6 Colo. 162.

The evidence on the issue whether or not the check was finally accepted and cashed by the plaintiff under circumstances creating an accord and satisfaction is conflicting, but at the same time is sufficient to support the judgment.

The judgment is affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.