## No. 9130.

## COLORADO SPRINGS AND INTERURBAN RAILWAY COMPANY *v.* COHUN.

1. NEGLIGENCE—*Imputed.* The negligence of one driving a motor truck is not imputed to his wife who is riding with him.

2. —— *Negligence of Wife in Such Case—Effect of Verdict.* The wife being plaintiff in an action for an injury resulting from a collision between the street car and the truck, a verdict in her favor in effect declares that a woman of ordinary prudence would in the same case have conducted herself precisely as did the plaintiff, and The court are not to gainsay the jury, and set aside their verdict.

Where the witnesses disagree the court are not at liberty to determine to which the jury gave credit.

3. INSTRUCTIONS—*Matters not in Dispute.* It is bad practice to leave to the jury, matters not in dispute. It diverts their minds from what is really in question, and lessens the probability of a correct verdict.

*Error to El Paso District Court, Hon. J. W. Sheafor, Judge.*

*Department Two.*

Messrs. CHINN & STRICKLER, Mr. J. ALFRED RITTER, JR. and Mr. ROBERT G. ARGO, for plaintiff in error.

Mr. LOUIS W. CUNNINGHAM and Messrs. ORR, ROBINET & MASON, for defendant in error.

Opinion by Mr. Justice Denison.

Chief Justice Garrigues and Mr. Justice Scott concur.

THIS is a suit based on the negligence of the defendant company, plaintiff in error. The plaintiff had a verdict for $5,000.

1. Norah Cohun, defendant in error and plaintiff below, was riding on the right side of the driver's seat of her husband's motor truck. Cohun, her husband, sat on the left and drove the truck. They went easterly on Platte Avenue in Colorado Springs to its intersection with Insti-

tute Street, and, in the middle of this intersection, the truck collided with an electric street car of the defendant company approaching from the south. The ordinance of Colorado Springs provides that "at street intersections the driver of any vehicle shall have the right of way over any other vehicle coming from the driver's left and shall yield the right of way to any other vehicle coming from the driver's right."

Cohun, the driver of the truck, did not see defendant's car until it was within twenty feet of him. In this, under the facts of the case, he was guilty of contributory negligence.

*Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863.

His negligence, however, cannot be imputed to plaintiff.

*C. & S. Ry. Co. v. Thomas,* 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681; *Denver Tramway Co. v. Armstrong,* 21 Col. Ap. 640, 643-645, 123 Pac. 136, 88 Cent. L. J. 174.

The exception to the rule against imputed negligence in cases like the present is where the driver is the servant or agent or otherwise under the control of the passenger. The plaintiff's own want of care in such cases is also sometimes inaccurately spoken of as an exception to this rule, but plaintiff's own want of care is, of course, never imputed but is always effective independently of imputation. A correct statement appears in *Virginia Co. v. Gorsuch,* 120 Va. 655, 91 S. E. 632, Ann. Cas. 1918B, 838, in *Dean v. Penn. R. Co.,* 129 Pa. 514, 525, 18 Atl. 718, 6 L. R. A. 143, 15 Am. St. Rep. 733, and *Crescent v. Anderson,* 114 Pa. 643, 647, 8 Atl. 379, 60 Am. Rep. 367. See, also, 88 Cent. Law J. 174.

Was plaintiff herself guilty of negligence?

She took no care, did not look and did not see the car at all, though she might have done so, and it is insisted that she ought to have looked and listened and warned her husband.

It was her duty to exercise that kind and degree of care that a person of ordinary prudence would exercise under

like circumstances, and the court, in instructions 13 and 14, so instructed the jury.

The questions, then, for decision concerning her contributory negligence, were—

First, How a woman of ordinary prudence would behave, situated as plaintiff was?

Second, Did plaintiff so behave?

These questions are ordinarily for the jury and the courts cannot interfere unless the jury's answer is so manifestly wrong as not reasonably to be the subject of dispute.

Since plaintiff's negligence, if any, was failure to look or listen, and since her conduct in this respect is undisputed, the jury by their verdict for plaintiff necessarily decided that a woman of ordinary prudence in like circumstances, would not have looked or listened.

We are now asked to say that the verdict was wrong because her conduct was negligent as a matter of law, which would be equivalent to saying that a woman of ordinary prudence, under the same circumstances, would have looked or listened, and that that proposition is so manifest as not reasonably to be a subject of dispute.   This we cannot say.

2.   Defendant argues that negligence on its part was not shown, because when the motorman first saw, and was first able to see the truck, the collision was so imminent that he could not stop in time to avoid it.   A sufficient answer to this point is that the jury may have believed the plaintiff's witnesses as to the speed of the car, or have disbelieved the motorman's story for other reasons.

3.   Counsel for plaintiff in error object to instructions 15 and 21 because they do not consider imputed negligence, and claim that the driver's negligence should be imputed to plaintiff if she herself was negligent.   We doubt that, but, even if it should, the jury, as we have shown, found she was not negligent, so we do not see how the company was prejudiced by the instructions.

4.   Counsel complains of the use of the words "going upon defendant's tracks" in instructions 18 and 20.   We do not think they were prejudicial.

5.  It is complained that the court erred in modifying instruction 12, requested by defendant, as shown in instruction 22. The requested instruction, after quoting the ordinance, was:

"If you find and believe from a preponderance or greater weight of evidence that a collision occurred between the automobile truck in which the plaintiff was riding and the defendant's street car at the intersection of Platte Avenue and Institute Street in the City of Colorado Springs and that the driver of the automobile truck failed to yield the right of way to the motorman in charge of the street car, as provided by said ordinance, and that such failure on the part of the driver of said automobile truck was the proximate cause of said collision, then your verdict should be for the defendant."

To this the court added "unless you further find from the evidence that the defendant was guilty of any of the acts of negligence complained of in the complaint, which prevented the driver of said automobile from complying with said ordinance."

The modification was right, because, if the motorman's negligence prevented Cohun from yielding, it would at least be a concurring cause (29 Cyc. 496-8; 37 Cent. Dig. Tit. Negligence, §§ 74-5), and if so the failure to yield would not discharge the defendant; and it follows that the instruction as requested was incorrect. The requested instruction was incorrect also because it left to the jury as questions the occurrence of the collision, its place, the position of plaintiff and Cohun's failure to yield the right of way, none of which were in dispute. It is bad practice to leave unquestioned and undisputed matters to the jury, because, while not necessarily reversible error, it leads them to think there is question where there is none, diverts their minds from the real questions and so lessens the likelihood of a true verdict. Since the faults are in the instruction as requested the defendant cannot complain of them.

The judgment should be affirmed.

Judgment affirmed.