## No. 9710.

### WINTER CIGAR COMPANY *v.* BURMAN.

1. TRIAL—*Questions for the Court.* The effect of the acceptance of a check containing the words "Balance in Full", is for the court. It is error to submit it to the jury.

2. CHECK—*Bearing the words "Balance in Full"—Acceptance Of* where the amount is in dispute, is an accord and satisfaction.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

*Application for Supersedeas.*

*Department One.*

Messrs. GARWOOD & GARWOOD, Mr. HARRY SOBOL, for plaintiff in error.

Mr. NATHANIEL HALPERN, for defendant in error.

Opinion by Mr. Justice Teller:

THE defendant in error brought suit against the plaintiff in error for an accounting, claiming an unpaid balance as a commission salesman.

· The defense, among other things, was that the plaintiff had been paid every month his commissions for the previous month by a check marked "balance in full."

Upon the trial, there was introduced in evidence eight checks, to the order of the plaintiff, each of which bore the following memorandum, "Your indorsement is receipt in full for salary in full to," giving the respective dates.

The plaintiff testified that, when he received these checks, he knew they did not cover his full account, and that he made protest upon that ground.

The court submitted to the jury the question whether or not the checks thus marked, which had been indorsed and paid to the plaintiff, constituted full payment. The jury answered the question in the negative.

The court, thereupon, ordered a reference, and upon the findings of the referee, entered judgment for $749.32.

The submission to the jury of the question as to the effect of the plaintiff's acceptance of the checks in question is assigned as error.

That question is one of law, not of fact, and should have been answered by the court in the affirmative. *New York Life Co. v. MacDonald*, 62 Colo. 67, 160 Pac. 193; *Colorado Tent & Awning Co. v. Denver Country Club*, 65 Colo. 418, 176 Pac. 494.

The record shows by the plaintiff's own testimony that the account was in dispute and unliquidated. That being so, the acceptance of the checks was an accord and satisfaction.

The judgment is accordingly reversed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.