## No. 9555.

### NORTH AMERICAN UNION *v.* MONTENIE.

1. ACCORD AND SATISFACTION—*Contract Construed.* Plaintiff was the beneficiary in a benefit certificate issued by a fraternal society to her husband, in the sum of $2,000.00; but with provision that if insured should die by his own hand only one-half the sum stated would be payable. The husband committed suicide and the society sent to the widow a check for $1,000.00, on the back of which was a writing to the effect that it was in full settlement of all claims and certificate issued to the husband. The widow accepted and collected the check without any misrepresentation inducing the action. *Held* an accord and satisfaction. *Weber v. Head Camp, Woodmen,* 60 Colo. 529, distinguished on the ground that by the Act of 1907, Sec. 73, and sec. 4 of c. 139 of the laws of 1911 and sec. 37 of c. 99 of the laws of 1913, the statutory provisions upon which the decision in that case is based were no longer in effect.

2. EVIDENCE—*Presumptions.* Plaintiff having cashed the check after
   the institution of her suit, it was presumed that she acted
   under legal advice.

*Error to Denver District Court, Hon. H. J. Hersey, Judge.*

Messrs. ALLEN & WEBSTER, Mr. DANIEL WENTWORTH and
Mr. DAVID B. MALONEY, for plaintiff in error.

Mr. GEORGE P. STEELE, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE plaintiff in error is a fraternal beneficiary society
organized under the laws of Illinois and doing business in
this state.    The defendant in error is the widow of one
Fred L. Montenie who, on the 26th day of September, 1907,
while a resident of Illinois, became a member of said society
and received therefrom a benefit certificate, in the sum of
$2,000.00 in which the defendant in error was named as
beneficiary.    From the agreed statement of facts it ap-
pears that said Fred Montenie committed suicide in this
state in January, 1918; that proof of death was duly made
and thereafter the said society paid to the defendant in
error the sum of $1,000.00 by check, on the back of which
was printed the following:    "Received in settlement in full
of all claims and demands against the North American
Union, inclusive of those growing particularly out of, or
incurred by reason of Certificate No. 905 of the North
American Union, issued on the life of Fred L. Montenie."
It appears further that this check was retained by the de-
fendant in error until the 31st day of October, 1918, when
it was collected by the defendant in error from the bank
upon which it was drawn.

Defendant in error filed her complaint against said
society alleging the holding of said benefit certificate and
the making of proof of the death of her husband, and al-
leging, further, that the defendant refused to pay her the
amount named in the certificate or any part thereof, ex-
cept upon the condition that plaintiff accept from defendant
the sum of $1,000.00 in full of all claims.    She demanded
judgment for $2,000.00.

The answer set up the fact that the insured died by his own hand, and that under the terms of the certificate but one-half of the benefit fund was, under those circumstances, payable to the beneficiary. It set up also the payment of the $1,000.00; the memorandum on the check above stated and the fact that the plaintiff had collected the check after the suit was begun.

The certificate contained a clause which provided that it should be incontestible. after two years from its date, and the contention of the defendant in the trial court was that the liability of $2,000.00 could not be denied. The court found in favor of the plaintiff and entered judgment for $1,081.75. The defendant below brings error.

In the view that we take of this case, it is not necessary to consider the various errors assigned except as to the effect of the payment and receipt by defendant in error of the $1,000.00. Plaintiff in error insists that it is, under the circumstances of this case, an accord and satisfaction; while defendant in error contends that the contrary is true under the case of *Weber v. Head Camp, Woodmen,* 60 Colo. 529, 154 Pac. 728.

We are of the opinion that our decision in that case is not controlling under the facts of this case. It was there held that the suicide of the policy holder was no defense to an action on the policy because of the act of 1903 prohibiting such defense. In the opinion it is pointed out that the defense of suicide not being permissible, the amount due upon the policy was a fixed, definite and liquidated sum; that it was not therefore a case where a payment of a sum less than the sum claimed would constitute an accord and satisfaction. The opinion further points out that, when the beneficiary accepted $1,000.00 upon the statement of the clerk of the camp that she would get that or nothing, she was, according to her testimony, mislead, and so acted under a misapprehension for which the defendant company was responsible.

A very different state of facts is here presented. The check with its indorsement in blank to be signed by the

beneficiary was a proposition to receipt the claim of $2,000.00 for the sum of $1,000.00. The law approved April 1, 1907, and in force when this certificate was issued, by section 73 specifically exempted fraternal orders from the provisions of the insurance law, which provided that the suicide of a policy holder should not be a defense against the payment of the amount of the policy. This exemption is confirmed by section 4, chapter 139 of the laws of 1911 and by section 37 of chapter 99 of the laws of 1913.

This distinguishes the instant case from the case above cited. In addition, it appears that after the suit was brought and, of course, at a time when there was a dispute as to the amount due plaintiff, plaintiff cashed the check for $1,000.00, and thereby accepted the terms upon which it was offered, as the same were indorsed upon the back of the check.

In *New York Life Insurance Company v. MacDonald*, 62 Colo. 67, 160 Pac. 193, this court held that, where there was a dispute as to the amount due a party and he signed a receipt on the back of the check, the receipt reading as follows: "Received payment in full as specified on reverse side" the statement on the reverse side being "In full settlement of all claims under policy No. etc.," it was an accord and satisfaction. That case was followed in *Colorado Tent & Awning Co. v. Denver Country Club*, 65 Colo. 418, 176 Pac. 494, and in the very recent case, *Winter Cigar Company v. Berman*, 67 Colc. 487, 186 Pac. 285. See also *C., R. I. & P. Ry. Co. v. Mills*, 18 Colo. App. 8, 69 Pac. 217, where the question is fully discussed; also *Guldager v. Rockwell*, 14 Colo. 459, 24 Pac. 556. There is no charge that the defendant in error was induced by misrepresentations to cash the check sent her containing the proposition that it be received in full. As she accepted it after the suit was begun it must be supposed that she accepted under legal advice. The acceptance of the money, not being induced by either fraud or mistake, constituted an accord and satisfaction under the authorities, for which reason the judgment must be reversed.

The judgment is reversed and the suit ordered to be dismissed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.

## On Petition for Rehearing.

Counsel for defendant in error, in the petition for a rehearing, insists that there is no consideration for the agreement of accord and satisfaction, and that there must be one, aside from the payment. He cites from text books to the effect that such consideration is necessary.

These citations, however, refer wholly to settlements where the claims were liquidated. It is well established that when there is a dispute as to the amount due, the payment of a sum less than that claimed is a sufficient consideration for an accord and satisfaction.

Counsel quote from an opinion of this court as follows: "This court, in a series of cases, has held that the acceptance of a sum less than the claim, with knowledge that it was intended as full payment, is, in the absence, at least, of some protest, *or indication that it was not taken in satisfaction of the claim,* a bar to an action for an alleged balance, when the debt is unliquidated or disputed, there being no fraud or mistake in the case." *New York Life Co. v. McDonald,* 62 Colo. 67, 160 Pac. 193.

The part italicized certainly affords no support to counsel's position. In this case the proof that the payment was taken in satisfaction of the claim is beyond a question; the receipt in terms states it to be so.

Counsel further objects that the sum paid was only the amount conceded to be due. That objection is met by a case on which counsel says he relied in advising the cashing of the check, which had been held for a long time.

In *C., R. I. & P. Ry. Co. v. Mills,* 18 Colo. App. 8, 69 Pac. 317, the court said: "Nor is the settlement affected by the fact that the creditor received only what the debtor concedes to be due, or that he takes the money under protest, still asserting his claim to the balance."

The petition presents no new matter and will therefore be denied.