No. 10,400.

RUDE v. MACCORMAC, ET AL.

Decided October 2, 1922. No change in opinion on rehearing December 18, 1922.

Action in damages for breach of contract for the operation of a coal mine. Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. DAMAGES—*Loss of Profits.* In an action for loss of profits by reason of the breach of a contract for the operation of a coal mine, it is held that the work was not of such a nature and the profits so uncertain as to preclude a recovery.

2. EVIDENCE—*Damages—Guess-work.* Where an experienced miner, testifying as to the cost of producing coal could not from memory itemize all the factors entering into the cost of production, but stated he had figured it and knew what it was, it is held

that his testimony was not guess-work as is condemned by courts in suits for profits.

3. APPEAL AND ERROR—*Instructions—Harmless Error.* While it is not good practice to submit to a jury questions not in dispute, the error is harmless where it could not have misled the jury.

4. EVIDENCE—*Materiality.* Evidence is not immaterial that has a bearing on a question at issue.

5. APPEAL AND ERROR—*Immaterial Evidence.* The admission of evidence which is merely immaterial, is not ground for reversal.

6. *Evidence Admitted Without Objection.* It is not reversible error to permit a witness to testify to matters already received in evidence without objection.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES GINSBERG, Mr. PHILIP HORNBEIN, for plaintiff in error.

Mr. WILLIAM H. DICKSON, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MacCORMAC and Pascoe had judgment against Rude for $2,000 upon an oral contract to operate a mine for him. He now moves for supersedeas.

The complaint alleged and the evidence tended to show that Rude, in consideration that plaintiffs would operate the Red Ash Mine for sixty days, beginning August 1, 1921, and would produce 200 tons per day, agreed that he would pay them one dollar and sixty cents per ton; that they could produce the coal for one dollar and forty cents per ton; that when they had worked three days he stopped them and shortly sold the mine.

The chief point made for reversal is that the suit was for loss of profits and the work was of such a nature that the profits must be too uncertain to permit their recovery. We do not think so. There are few classes of business in which the cost of production can be more accurately computed

than coal mining in an old field and in a developed mine.

It is claimed that the proof of damages was insufficient, but if the jury believed the testimony of plaintiff Mac-Cormac they had enough to justify their verdict. Although he could not on the stand itemize from memory all the factors of cost of production at the time the contract was to have been performed, yet he was a man of experience and said that at that time he did "figure" it and knew what it would cost. Such evidence is far from the guess-work which has been condemned in suits for profits in this and other courts.

There was a plea of accord and satisfaction, and evidence of it by a check for $10.00 to Pascoe marked as in full for services. The court left to the jury the question whether said check was received in connection with the matters covered by the contract in suit, which was a point in dispute, but also left to them the questions whether such check was received at all and whether it was known by plaintiff to be so marked, which were not in dispute. This was not good practice, (*Colo. Springs Company v. Cohun,* 66 Colo. 149, 152, 180 Pac. 307) but was not reversible error because, in the present case, it could not have misled the jury.

The plaintiff Pascoe was asked what was the reasonable wages of himself and MacCormac for the work they were doing at the mine, and an objection to the question as immaterial was overruled. It is claimed this is ground for reversal. There are three answers to that thing: First, the evidence was not immaterial because it had a bearing on the question of the cost of production; second, if it were merely immaterial, the admission is not ground for reversal. (*Stanbury v. Kerr,* 6 Colo. 28; *Coon v. Rigden,* 4 Colo. 275; *Hughes v. Fisher,* 10 Colo. 383, 15 Pac. 702; *C. B. & Q. R. Co. v. Roberts,* 10 Colo. App. 87, 49 Pac. 428; *Smith v. Smith,* 24 Colo. 527, 52 Pac. 790, 65 Am. St. Rep. 251; *Murphy v. People,* 9 Colo. 435, 13 Pac. 528) ; third, the same evidence had already been given by plaintiff Mac-Cormac without objection.

We do not think it necessary to notice the other mattters urged upon us in the briefs.

Supersedeas denied.   Judgment affirmed.

MR. CHIEF JUSTICE SCOTT dissents.