## No. 11,571.

## McLagan v. Granato.

Decided January 3, 1927.

Action for conversion. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. Conversion—*Chattel Mortgage Property.* One who takes chattel mortgage property from a purchaser from the mortgagor and sells it under a void mortgage, is liable for conversion.

2. Chattel Mortgage—*Possession by Mortgagee.* The possession of a mortgagee claiming chattel mortgage property must be open, visible, unequivocal, and continuous to make his claim valid.

3.       *Possession.* If the facts call equally for the conclusion of possession of chattel property by either of two persons, the possession of neither is unequivocal, and if one has possession now, and the other then, it is not continuous in either.

4. Verdict—*Motion by Both Sides.* Where each side moves for a directed verdict, it amounts to a submission to the court; but if the case is thereafter given to the jury without objection, there is no ground for complaint.

5. Evidence—*Chattel Mortgage—Conversion.* In an action by the purchaser of chattel mortgage property against the mortgagee, who deprived him of possession, evidence offered by defendant that the purchaser had been sued on notes given for the purchase price of the property, held properly excluded.

6. Conversion—*Elements.* In an action for conversion, the plaintiff's case is ownership, possession, taking, and conversion.

7. Instructions—*Appeal and Error.* Although an instruction may be defective, if the intent is clear and other instructions make the meaning certain, the error is harmless.

8.  *Undisputed Facts—Construction of Contract.* Neither undisputed facts nor the construction of a written contract should be submitted to a jury.

9.  APPEAL AND ERROR—*Instructions—No Exception.* Assignments of error based on instructions will not be determined on review where no exception is taken to the giving of the instruction on the grounds alleged as error.

10.  DEMAND—*Conversion.* In an action for conversion, if there has been a taking, no demand is necessary; if there is otherwise a conversion, demand and refusal is unnecessary; in the case of chattel mortgage property, either a taking or a chattel mortgage sale, is such a conversion.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for plaintiff in error.

Mr. S. HARRISON WHITE, Mr. ELMER C. HOLT, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

GRANATO had a verdict and judgment against McLagan for taking and converting an automobile, and the latter brings error and moves for supersedeas. The judgment must be affirmed.

One Olson was a dealer in automobiles with a garage and salesroom in Pueblo. One Bronker had a storage garage next door. Olson bought five automobiles for sale. He borrowed money of McLagan to pay for them and gave a chattel mortgage to secure the note. The mortgage provided for retention of possession by the mortgagor, who displayed them for sale in his said salesroom. A few days later the defendant demanded possession and by his direction Olson put them in Bronker's

garage where defendant arranged with the proprietor to give them dead storage. Defendant then put a tag on each steering wheel stating that that machine was his property as mortgagee. He made some kind of arrangement with Olson by which Olson might sell the cars by payment on each sale of a proportionate part of the mortgage note. Olson had free access to the cars as they stood in Bronker's garage. There is no evidence that Bronker was instructed to withhold them from him or anyone else.

There is evidence that Granato's son, who bought the car in question for his father, found it in Olson's salesroom on display for sale and that it was demonstrated to him on the street by Olson himself or his salesman. Granato bought it and paid some money, traded in a Buick car and gave his notes for the balance; there is evidence that McLagan took the machine from him and there is no dispute that he converted it to his own use by taking possession of it and selling it under the mortgage.

The above evidence was enough to support the verdict and enough to overcome the objection to some of the instructions that there was no evidence on which to base them. It is enough to justify the jury in finding that McLagan consented to or acquiesced in the possession of the auto by Olson at least for the purpose of demonstration for sale, which is commonly known to be necessary and customary, whereas the possession by a chattel mortgagee must be open, visible, unequivocal and continuous. If the facts call equally for the conclusion of possession by either of two persons, the possession of neither is unequivocal, and if one has possession now, and the other then, it is not continuous in either. Without such possession by McLagan, the provision for possession of the cars for sale by the mortgagor made the mortgage void. *Wilson v. Voight,* 9 Colo. 614, 13 Pac. 726; *Motor Finance Co. v. Smith,* 72 Colo. 150, 210 Pac. 73.

The plaintiff in error, however, makes four other points against the judgment which we shall consider.

1.  Each side moved for a directed verdict.  We have several times held that this amounted to a submission of the case to the court (*Butts v. Sauve,* 79 Colo. 317, 245 Pac. 713; *McGhee Inv. Co. v. Kirsher,* 71 Colo. 137, 204 Pac. 891), and so it is now claimed that the verdict and the judgment thereon are invalid, but, since both sides went to the jury without objection on this score, we think neither has ground to complain.

2.  It is objected that defendant's attempt to show whether plaintiff had been sued on the notes he gave Olson for the car was rejected by the court, but we think the court was right.  The plaintiff's case was ownership, possession, taking and conversion.  What had the said evidence for or against any of them?  Nor can we see that it tended to prove anything concerning values.

3.  The only point which has given us concern is the objection to instruction No. 2.  In that instruction the court, after setting forth what facts, when found, would require a verdict for plaintiff, added:  "If, on the other hand, you fail to find from the evidence that the defendant took the car from the possession of the plaintiff or his agent and converted the same to his own use without the consent of the plaintiff *and* you fail to find from the evidence that the car in question was taken to the salesroom of the said Olson after the mortgage was given and placed in the stock and exposed to the general public for sale, with the knowledge and consent of McLagan, or so placed for sale by reason of any arrangement or agreement between the said McLagan and said Olson by which said Olson was to sell said car; or if you fail to find from the evidence that the mortgage to McLagan contained a clause authorizing Olson to retain, use and enjoy the car, then your verdict will be for the defendant."

This part of the instruction was objected to and exception taken on the ground that it in terms required the jury, in order to give the defendant a verdict, to find two facts when either one would have been enough, viz., that plaintiff gave no consent to the taking, and that defendant did not consent to or acquiesce in Olson's possession.

If we take this part of the instruction alone it is capable of the construction which plaintiff in error puts on it and the court should have corrected it by at least changing the word "and", which we have italicized, to "or"; but we cannot say that the error was prejudicial. The first part of the instruction states correctly the factors of a verdict for plaintiff, and the second expressly purports to state the alternatives. The intent is clear, and if both are read together the meaning is not so hidden as to mislead the jury; that is to say, the jury must have known that if Granato consented to the taking and conversion he could not recover, and also that if McLagan did not directly or indirectly consent to Olson's possession of the car for sale plaintiff could not recover. Other instructions make this more certain.

There are other errors in this instruction, viz., it submits to the jury undisputed facts and the construction of a written contract, both of which we have condemned several times and the rules are elementary. *Rude v. MacCormac,* 72 Colo. 221, 210 Pac. 844; *Martin v. Carruthers,* 69 Colo. 464, 195 Pac. 105; *Colo. Springs Co. v. Cohun,* 66 Colo. 149, 180 Pac. 307; *Trimble v. Collins,* 64 Colo. 464, 172 Pac. 421; *Western Co. v. Gibson Co.,* 65 Colo. 288, 176 Pac. 318; *Winter Co. v. Burman,* 67 Colo. 487, 186 Pac. 285. But no exception was taken on these grounds.

4. It is objected that there was no demand by plaintiff, but it is elementary that if there is a taking, no demand is necessary and there was a taking here, and that, if there is otherwise a conversion, demand and refusal is not necessary and either the taking or the chattel mortgage sale was such a conversion.

The other points made by plaintiff in error we do not think it necessary to discuss.

Supersedeas denied and judgment affirmed.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE ALLEN.