**BAER BROS. LAND & CATTLE CO. v. PALMER et al.**

No. 3317.

Circuit Court of Appeals, Tenth Circuit.

Nov. 13, 1946.

Albert T. Frantz, of Denver, Colo. (L. E. F. Talkington, of Denver, Colo., on the brief), for appellant.

Ivor O. Wingren, of Denver, Colo., and Frank Delaney, of Glenwood Springs, Colo., for appellees.

Before HUXMAN and MURRAH, Circuit Judges, and BROADDUS, District Judge.

BROADDUS, District Judge.

This appeal presents for review the correct measure of damages for breach of a contract of pasturage, the withdrawal from the jury's deliberation of material evidence bearing thereupon, the subsequent instruction directing consideration of the evidence so withdrawn, and the effect of an attempted curative instruction. While these points present appellant's major complaint other errors are asserted which necessitate examination.

The appellant, The Baer Brothers Land & Cattle Company, a corporation, brought the action against the appellees, N. Irving Palmer, individually, and N. Irving Palmer and Matilda H. Anderson, as co-partners, doing business under the partnership name of Arrowhead Ranch, for failure to pay a balance of rental alleged to be due on a lease of pasture lands; and further, for damages from an alleged mismanagement of the leased lands. To this action, the defendants below and appellees here, counterclaimed, alleging a breach of the contract by the Baer Brothers Land & Cattle Company and resulting damages.

The rights of the parties depend upon a written lease of irrigated meadow lands of May 10, 1944 by the Baer Brothers Land & Cattle Company, the lessor, to N. Irving Palmer, lessee. Palmer leased the meadow for the co-partnership composed of himself and Matilda H. Anderson. As the contract was regarded that of the co-partnership throughout the trial, it will be so treated on appeal. Judgment was entered upon the counterclaim and the Cattle Company appealed. For convenience the Baer Brothers Land & Cattle Company will be identified as the lessor, and the co-partnership as the lessees.

The contract stipulated for the use by the lessees of a portion of the K-T Ranch, Rio Blanco, Colorado, for the pasturing of two thousand yearlings, steers and heifers, until the first of January, 1945. The lessor agreed to properly irrigate the land during the lease, to place the fencing in good condition, to furnish help in moving cattle from one meadow to another, and to perform other services not material to the questions here presented. The lessees agreed to pay the consideration in installments at stated periods, and to have a suitable person in charge of the livestock. The lessees' counter-action sought recovery for the failure of the lessor to place the fencing in good condition and to properly irrigate the meadows, which it was claimed caused the meadows to dry up and the cattle to lose weight, thus forcing the moving of the cattle before the end of the grazing season and resulting in loss in the weight of the cattle and a lowering in the grade of the cattle sold. The jury found the contract to have been breached as contended by the lessees and returned a verdict of $20,000 in their favor.

There was evidence that October 15th was a suitable time for the sale of feeder cattle—the class of cattle handled by the lessees—and that the cattle would have been pastured to that date and later but for the failure of the pasture as a consequence of the lessor's breach. Some of the cattle were marketed the latter part of August and the early part of September. Their weight when turned into the meadow and when marketed was shown. One of the witnesses, a Mr. Lowell, testified that the cattle would have increased 250 lbs. each had they remained on good pasturage until November, or more than 100 to 150 lbs. above their actual increase when sold, and that the additional increase would have placed the cattle in a higher class so as to

bring a higher price per hundred pounds. Upon motion of the attorney for the lessor, this evidence as to the probable increase as to weight and grade was withdrawn from the jury's consideration. The court held that it did not make any difference what the value of the cattle may have been on the fall or November market as the cattle had not been sold on such market, and limited the lessees' damages to the probable increase and price on the day of the actual sale. After the ruling no evidence was offered upon that element of damage by the lessor.

The trial judge thereafter in his summation of the case instructed the jury that should they find the lessees had been required to take the cattle from the pasture without a complete enjoyment of the pasturage season through the fault of the lessor, then to ascertain "the value of that failure of contract by taking into consideration the failure in the length of the pasture season as provided for in the contract, which was for the whole of the pasture season, and take into consideration all of the facts and circumstances in determining what damage, if any resulted to the defendants from the plaintiff's failure to comply with its contract." Commenting upon the elements of damage, attention of the jury was directed to the withdrawn testimony of the witness Lowell to the effect, "that if these cattle had been properly nourished over the period of the contract before being shipped to the Denver market, they would have not only been of greater weight than they were when they were shipped, but they would have been in a different class which would have brought higher prices per hundred pounds than they did bring"; and that such testimony presented an element of damage for the jury's consideration.

■ The court's ruling withdrawing the testimony from the jury and the quoted instructions are conflicting and misleading. Instructions are not only to define and direct the jury's attention to the law applicable to a factual situation that may be found by a jury, but also to exclude irrelevant matters. Their purpose is to plainly guide the jury to a solution of issues often difficult and involved, and to prevent the jury's being confused or misled. Here the conflict is so marked and so misleading as to require reversal.[1] It is equally clear that the exclusion of the testimony prevented the offering of opposing testimony. The submission of this element of damages, upon which the lessor had not been heard, was error.[2]

■ Furthermore, the evidence withdrawn introduced an element of damage which the jury should have been allowed to consider. The object of the contract was to prepare the feeders for the fall market, and to place them on the market at a favorable time. The lessees had the option of selecting such a time within the period of the existence of the lease. There was testimony that the market for the fall feeders was the latter part of October and the month of November. The parties contemplated such a situation and must be presumed to have foreseen that loss in weight and grade would occur in the event of the failure of the pasturage, arising from a breach on the part of the lessor. Compensation for breach of contract should place an injured party in the position such party would have been in had the contract been fully performed.[3] Gains which have been prevented as a consequence of the breach are within the rule when they are a natural result of any breach, or such as might have been in contemplation of the parties when entering into the contract.[4] The difference:

[1] Deserant v. Cerillos Coal R. Co., 178 U.S. 409, 420, 20 S.Ct. 967, 44 L.Ed. 1127; Carpenter v. Connecticut General Life Ins. Co., 10 Cir., 68 F.2d 69; J. H. Sullivan Co. v. Wingerath, 2 Cir., 203 F. 460, 461.

[2] Western Real Estate Trustees v. Hughes, 8 Cir., 153 F. 560; Walsh v. Jackson, 33 Colo. 454, 81 P. 258.

[3] Electrical Products Consolidated v. Sweet, 10 Cir., 83 F.2d 6, 9; Bowater v. Worley, 10 Cir., 57 F.2d 970.

[4] Cincinnati Siemens-Lungren Gas Illuminating Co. v. Western Siemens-Lungren Co., 152 U.S. 200, 206, 14 S.Ct. 523, 38 L.Ed. 411; Anvil Mining Co. v. Humble, 153 U.S. 540, 14 S.Ct. 876, 38. L.Ed. 814; Howard v. Stillwell & Bierce Mfg. Co., 139 U.S. 199, 206, 207, 11 S. Ct. 500, 35 L.Ed. 147; Western Union Telegraph Co. v. Trinidad Bean & Elevator Co., 84 Colo. 93, 267 P. 1068; Rude v. MacCormac, et al., 72 Colo. 221, 210 P. 844; Foderaro v. Ghione, 111

in the price for which the cattle would have sold during the fall market, and the price when forced upon the market because of the lessor's breach, was a proper element of damage for the jury's consideration.[5] Attention is called to the error so that upon retrial, the correct rule may be followed.

 The contract did not compel the furnishing of sufficient pasturage. It did require sufficient irrigation to produce the pasturage of which the meadows were capable. Yet the court instructed the jury that, "* * * you may assume that, this being meadow land, with a good stand of grass on it, if it had been properly irrigated, as agreed upon, that it would have afforded good pasturage for the number of cattle that Mr. Palmer was to put on there, and that there would have been plenty of feed for those cattle that were placed there had it been properly irrigated." The instruction was in the face of testimony that the season was unusually dry, that the cattle had been allowed to graze upon the meadows while the meadows were being irrigated, and other circumstances affecting the meadows' yield which could not have been attributed to any breach of the lessor. It follows that the court improperly assumed a fact which was an issue for the jury.[6]

The court called the jury's attention to the cost of transportation of the cattle to the market. The evidence wholly failed to establish such cost. Even though it had, it would have been an item which the lessees should have borne no matter when the cattle were sold, and was not a proper element of damage.

The subsequent instruction that either party could recover only the damages shown to be the consequences of the act complained of did not cure these errors. Instructions given for the purpose of correcting prior errors must do so in clear and unmistakable terms.[7] It is obvious that the attempted curative instruction in no degree pointed out or corrected the errors complained of.

The case is reversed and remanded with instructions to grant a new trial and for further proceedings in keeping with the views herein expressed.

---

Colo. 422, 142 P.2d 274; Aetna Casualty & Surety Co. v. North Sterling Irr. Dist., 75 Colo. 185, 225 P. 261; Goldhammer v. Dyer, 7 Colo.App. 29, 42 P. 177; Schwalbe v. Postle, 73 Colo. 181, 214 P. 388.

[5] Degnan v. Young Bros. Cattle Co., 152 Kan. 250, 103 P.2d 918, 922; J. B. Wallis & Co. v. Wallace, Tex.Civ.App., 92 S.W. 43; Hardin v. Newell, Tex.Civ. App., 40 S.W. 331.

[6] Chicago, Rock Island & Pacific Ry. Co. v. Houston, 95 U.S. 697, 703, 24 L. Ed. 542; Carpenter v. Connecticut General Life Ins. Co., supra, 68 F.2d 73; Northern Central Coal Co. v. Barrowman, 8 Cir., 246 F. 906.

[7] Louisville & N. R. Co. v. Johnson, 7 Cir., 81 F. 679; Puget Sound Nav. Co. v. Nelson, 9 Cir., 59 F.2d 697, 700; Chicago B. & Q. R. Co. v. Kelley, 8 Cir., 74 F.2d 80; Durant Mining Co. v. Percy Consolidated Mining Co., 8 Cir., 93 F. 166.