505 P.2d 387 (1972)
Felix SALAZAR, Plaintiff-Appellee,
v.
Walter K. EHMANN, Defendant-Appellant.
No. 71-417.
Colorado Court of Appeals, Div. I.
September 26, 1972.
Rehearing Denied October 25, 1972.
Certiorari Denied December 26, 1972.
*388 Fischer & Wilmarth, Elery Wilmarth, Fort Collins, for plaintiff-appellee.
Johnson, Anderson & Dressel, William F. Dressel, Fort Collins, for defendant-appellant.
Not Selected for Official Publication.
SMITH, Judge.
Defendant, a chiropractor, appeals from the judgment entered upon a $35,000 verdict against him in a malpractice action. We affirm. Plaintiff alleged he had a fractured bone as well as a dislocated shoulder when he went to defendant for treatment. Defendant was charged with negligence in failing to take x-rays to perceive the condition and in failing to refer plaintiff to a medical doctor.

*389 I.
Defendant contends the trial court erred in permitting plaintiff to ask the prospective jurors on voir dire whether they or members of their families were in any manner connected with defendant's insurer. On the morning of trial, defendant moved that such questions be prohibited and presented an affidavit with his motion which averred that defendant's insurance company limited its coverage to chiropractors and their technicians and nurses. It is defendant's argument that the affidavit established there would be no one on the jury who could possibly have an interest in that particular insurance company.
It is established law that counsel may inquire on voir dire as to any interest prospective jurors may have in the defendant's insurance carrier. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185. DeMott v. Smith, 29 Colo.App. 531, 486 P.2d 451. The propriety of specific voir dire questions, and the manner in which they are asked, are matters within the sound discretion of the trial court. We will not interfere unless it manifestly appears that such discretion has been abused. Mayer v. Sampson, supra. Defendant has not shown an abuse of the trial court's discretion, and we find the court did not err when it allowed plaintiff to ask the specific insurance question on voir dire.

II.
The defendant asserts the trial court committed prejudicial error in not permitting defendant to call a police officer who would have testified concerning plaintiff's subsequent use of his injured arm and shoulder, when being placed under arrest in an incident unrelated to the case. Since defendant, prior to pre-trial conference, knew of the possibility of the officer becoming a witness but failed to name him as a witness pursuant to the pre-trial order, the trial court ruled plaintiff's objection to the witness being called should be sustained on that ground. Under the circumstances in question, the trial court may preclude such a witness from testifying. C.R.C.P. 16(d)(3).

III.
Several of defendant's allegations of error concern instructions given by the trial court to the jury. We have examined all the instructions and have made a careful review of the record. We find evidence in the record justifying the giving of the questioned instructions and conclude that they are correct statements of the law.
The theory upon which the case was tried by both parties was one of failure to conform to the standards of chiropractic practice in the community, specifically, failure to take x-rays and failure to refer plaintiff to a medical doctor. Defendant's tendered instruction, which advised the jury that plaintiff could not recover solely because the treatment did not achieve the desired result, was not applicable to a material question of fact in controversy, and the refusal of such instruction was within the discretion of the court. See Marsh v. Cramer, 16 Colo. 331, 27 P. 169. We find no abuse of the trial court's discretion.

IV.
Defendant contends the court erred in not directing a verdict in his favor, because of the lack of evidence presented to establish defendant's failure to meet the standard of care required by law. This contention is without merit. Plaintiff called as a witness a licensed local chiropractor, who testified that in the locality in which the witness and defendant practiced, it was customary, in cases such as plaintiff's, to take x-rays, and, where a fracture was present, to refer the case to a medical doctor. Plaintiff also introduced a portion of the oath administered to chiropractors by the state licensing board requiring referral to medical doctors where the patient's problem extends beyond the limits of chiropractic practice. Defendant argues that the admission of this material was error because it was irrelevant and immaterial. *390 This assertion is plainly without merit for, as defendant argues above, plaintiff's case depends on proof of violation of a standard of conduct, and the chiropractic oath must be considered as evidence having probative value upon the issue of that standard of conduct agreed to by all chiropractors in Colorado. See Rude v. MacCormac, 72 Colo. 221, 210 P. 844.

V.
Defendant asserts that the trial court erred in precluding that portion of defendant's cross-examination of a medical witness that would have shown that the witness referred plaintiff to an attorney upon finding that plaintiff had no resources with which to pay his medical expenses. The decision to exclude this purported "impeachment" testimony was within the discretion of the trial court, and there is no showing of an abuse of that discretion. Layton v. Purcell, 267 P.2d 547 (Okl.). See Mendoza v. Gomes, 143 Cal. App.2d 172, 299 P.2d 707.
Finding defendant's assertions of error without merit, we affirm.
SILVERSTEIN, C. J., and DWYER, J., concur.