HORN, J.,
This matter is before this court on defendant’s preliminary objection in the nature of a demurrer. Defendant objects to paragraphs 14 and 15(4)* of the complaint. Defendant claims that plaintiff’s complaint purports to seek an award of punitive damages and that the complaint fails to aver any facts setting forth circumstances which would permit an award of punitive damages in this case. Finally, defendant objects to paragraphs 14 and 15(4) as being conclusory allegations of outrageous conduct without setting forth facts to support such allegations.
A brief recitation of the facts of this case will illustrate the reason for the court denying defendant’s preliminary objections. On or about October 3, 1988, plaintiff was in an automobile accident, at which time she sustained a fractured sternum, multiple cuts and bruises, a fracture of the left elbow and shoulder and spondylolisthesis at L5-S1.
Defendant treated plaintiff on numerous occasions until June 29, 1989. Plaintiff alleges that during *263 that time defendant never prescribed X-rays for plaintiff, which X-rays would have revealed the fracture to the sternum, left elbow and shoulder. Plaintiff further alleges that defendant never obtained a complete medical history.
Plaintiff’s main contention is that the defendant’s conduct amounted to both a breach of chiropractic standard of care and a breach of the normal standards of care in the community.
Defendant’s objection lies solely with the sufficiency of facts set forth and whether these facts present an issue of punitive damages that should go to the jury.
It is the opinion of this court that plaintiff has alleged enough facts to constitute a possible claim for punitive damages. Section 908 of the Restatement of Torts has been adopted as the rule in many malpractice cases. Regarding punitive damages:
“The question in medical malpractice cases, as in tort actions generally, is whether there has been sufficiently aggravated conduct contrary to the plaintiff’s interests, involving bad motive or reckless indifference, to justify the special sanction of punitive damages that serves the dual function of penalizing past conduct constituting an aggravated violation of another’s interests, and of deterring such behavior in the future.” See Restatement of Torts §908, and see Medvecz v. Choi, 569 F.2d 1221, 1227 (1977).
In evaluating the conduct of a physician and surgeon charged with malpractice, the test is whether the physician, in the performance of his or her duties:
“[Ejither did some particular thing or things that physicians and surgeons, in that medical community, or ordinary skill, care and diligence, would not *264 have done under the same or similar circumstances, or failed to do some particular thing or things which physicians and surgeons of ordinary skill, care and diligence would have done under the same or similar circumstances; he is required to exercise the average degree of skill, care and diligence exercised by members of the same medical specialty community in similar situations.” See 61 Am. Jur. 2d §205 at 338, and see Bruni v. Tatsumi, 46 Ohio St. 2d 127, 75 Ohio Op. 2d 184, 346 N.E.2d 673 (1976).
In this case, we are not dealing with a physician or surgeon; however, chiropractic standards should be applied in the same manner. A chiropractor was found liable by a Colorado Appeals Court under very similar circumstances to our case at hand. The Colorado court held that the failure of a chiropractor to take an X-ray picture of the shoulder of a patient and his failure to refer the patient to a medical doctor because of his failure to take X-rays and thus discover a broken bone constituted negligence on the part of the chiropractor. Salazar v. Ettmann, 505 P.2d 387 (Colo. App. 1972), cited also in 58 ALR 3d 585.
It is the general rule that one who has been injured by the negligence of a physician or surgeon in the course of treatment is entitled to recover compensatory damages. The law may, however, permit an award of punitive damages in such cases where the “negligence is wanton or gross,” as where the physician is shown to have been “actuated by bad motives” or with an “intent to injure the patient,” or where the “treatment was given with utter indifference to the effect upon the patient.” 61 Am. Jur. 2d §371, Punitive/Exemplary Damages, at 546.
The issue of punitive damages may be submitted to the jury in such a case if the court determines as *265 a preliminary matter that there is sufficient evidence to take that issue to the jury. See 58 ALR 1556, 1560.
For these reasons, we deny defendant’s preliminary objections in the nature of a demurrer as to paragraphs 14 and 15(4) of plaintiff’s complaint. It is the feeling of this court that once discovery occurs, as plaintiff argues, many of these allegations may become moot; until such time, this court will permit the punitive damages claim to remain in the complaint.

 Paragraphs 14 and 15(4) of plaintiff’s complaint are as follows:
“14. Defendant’s conduct is so outrageous and so contrary to the standards of chiropractic care and the normal standards of care in the community, that plaintiff should be entitled to punitive damages against the defendant.
“15(4). For punitive damages in an amount in excess of $10,000.”